Appeal of J. E. **DUVAL PRINTING**          Docket No. 2031.
    CO.

In the circumstances, additional salaries disallowed.

Submitted April 15, 1925; decided May 23, 1925.

*George E. H. Goodner, C. P. A.,* for the taxpayer.
*Ellis W. Manning, Esq.,* for the Commissioner.

Before GRAUPNER, TRAMMELL, and GREEN.

This is an appeal from a deficiency in income and profits taxes in the sum of $1,955.57 for the fiscal period January 1 to August 31, 1919, of which amount $1,400 is in controversy. From the stipulation of facts and the admissions of the answer, the Board makes the following

FINDINGS OF FACT.

The taxpayer corporation was organized under the laws of the State of Alabama in 1916, and continued the business of printing previously engaged in by J. E. Duval under the same name. Of the $8,000 authorized capital stock Duval owned 78 shares, the remaining two shares being held one each by his wife and daughter. The corporation was dissolved on August 31, 1919, and it ceased doing business on that date. The books of the corporation were not closed at the date of dissolution.

Beginning with April of 1918 and continuing to the date of dissolution, monthly salaries were authorized and paid as follows: J. E. Duval, $165; Mrs. J. E. Duval, $10; and Mrs. A. L. Feeks, $10. No other amounts were paid or authorized prior to the dissolution of the corporation.

On December 31, 1919, additional salaries in the amount of $12,000 were placed on the books, as follows: J. E. Duval, $10,000; Mrs. J. E. Duval, $1,000; Mrs. A. L. Feeks, $1,000. On the amended return two-thirds of this amount was claimed as a deduction. The Commissioner concedes that $5,000, if allowable, would be a reasonable salary to be paid Duval for his services.

In March, 1920, a return was filed in the name of the company for the calendar year 1919 in which officers' salaries in the sum of $12,000 were taken as a deduction. Thereafter an amended return covering the period from January 1 to August 31, 1919, inclusive, was filed for the reason that the previous return was erroneous in that the corporation was dissolved on August 31, 1919, and the business continued thereafter by Duval as an individual. On the amended return a deduction of $8,000 was taken on account of officers' salaries.

DECISION.

The determination of the Commissioner is approved.

OPINION.

Green: The question here presented is the right of a corporation, after dissolution and in the absence of any agreement as to compensation, to set up on its books additional salaries for officers and to take them as a deduction against the income of the corporation for the taxable period prior to its dissolution. In this case the salaries of the officers were paid monthly and charged as expense. There is no evidence of any intention on the part of the corporation to increase this salary allowance. The increase was determined upon and entered upon the books, not before or at the close of the corporation's taxable period, but at the close of the individual's taxable period. It is clear that no such action was contemplated at the time the corporation was dissolved. Salaries of a specific amount have been paid consistently for many months and no additional salaries have been paid, accrued, or even contemplated, prior to the date of the corporation's dissolution. Therefore, additional salaries paid or accrued after the dissolution of the corporation and after the close of its taxable period may not be taken as a deduction for such taxable period.